THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of CHRISTOPHER MCGOVERN, Plaintiff, *v.* IRVING WEISBARD, Defendant.

City Magistrates' Court, City of New York, Borough of Manhattan, Second District, February 27, 1931.

*Clarence E. Sutherland,* for the complainant.

*Maurice Mencher,* for the defendant.

RUDICH, J. The defendant is charged with the crime of grand larceny by false pretenses (Penal Law, § 1290). The complaint

alleges, and the testimony offered in support of the complaint shows, that in September, 1930, the defendant induced the complainant to take a lease of a hotel in the borough of Manhattan for a term of years. The defendant represented to the complainant that it was a "respectable" hotel and that two-thirds of its rooms were occupied by paying guests. The complainant relied on these representations; they were among the inducing causes which led him to sign the lease. Upon the execution of the lease, and in accordance with its terms, he gave the defendant $1,500 as security and $397.50 as the rent for the first half of the month of the term. The complainant had made no inspection of the premises because he says he relied upon the defendant's statements. As soon as he went into possession, he discovered that the hotel was not a "respectable" hotel; on the contrary, that the police department had recently made arrests for prostitution in that hotel, and that a police officer was constantly on duty in the premises. He also learned that the hotel was occupied only to the extent of less than one-third of its rooms. Immediately after learning these facts, he requested the defendant to rescind the lease and to return the money paid thereunder, which the defendant declined to do. The complainant thereupon commenced this proceeding.

At the close of the complainant's case, the defendant moved for dismissal on the ground that the complainant had failed to sustain the charge.

I am in accord with counsel for the defendant in his contention that the facts do not make out larceny of the money by false pretenses. The objective which the defendant sought was the signing of a lease of real property then in existence; such money as was given by the complainant to the defendant was given pursuant to that written agreement, and incidental thereto. The situation might be otherwise if the property were not in existence or if the defendant had no right to lease it to the complainant. The misrepresentations induced him to enter into a contract, but the assumption of an obligation under a contract cannot be the subject of larceny.

Nevertheless, the wrong complained of is one which the criminal law frowns upon. Section 932 of the Penal Law reads as follows: "A person who, with intent to cheat or defraud another, designedly, by color or aid of a false token or writing, or other false pretense, obtains the signature of any person to a written instrument, is punishable by imprisonment * * *."

This section was held to apply to the signing of a note as indorser (*People* v. *Cole*, 65 Hun, 624; affd., 137 N. Y. 530); to the signing

of a note as maker (*People* v. *Jefferey*, 82 Hun, 409); to the signing of a satisfaction of mortgage (*Therasson* v. *People*, 20 Hun, 55); to the signing of a warrant by the mayor drawn on the city chamberlain (*People ex rel. Phelps* v. *Oyer & Term., County of N. Y.*, 83 N. Y. 436); to the signing of a deed of land (*People* v. *Pierce*, 218 App. Div. 254), although the judgment of conviction in the last case was reversed for errors in the charge.

I can see no essential difference in principle between the cases above cited and the one at bar. A lease is a " written instrument " within the purview of this section of the Penal Law. This statute was intended to protect the unwary one, and it is no defense that he made no inquiry or inspection himself. As the Court of Appeals said in the case of *Watson* v. *People* (87 N. Y. 561, at p. 567): " He has a right to rely upon the representation, and common honesty and morality demand that the fraudulent dealers should not screen themselves by the excuse that the party could have detected the fraud if he had not relied on the representation made." (See, also, to the same effect, *People* v. *Von Brandenburg*, 241 N. Y. 128, 137; *People* v. *Peckens*, 153 id. 576.) Nor is it necessary that actual loss or injury be sustained by the one defrauded. (*People* v. *Sully*, 5 Park. Crim. 142, 170.)

The defendant contends that he is absolved from criminal responsibility by the 36th clause of the lease, which reads as follows: " The landlord has made no representations or promises in respect to said building or to the demised premises except those contained herein, and those, if any, contained in some written communication to the tenant, signed by the landlord." There is no merit in that contention. Fraud vitiates the entire contract, including the clause above quoted; and even in a civil suit between the parties for fraud it is doubtful whether this provision in the lease could be availed of by the defendant. (*Scarsdale Co.* v. *Carter*, 63 Misc. 271; *Simpson* v. *Case Co.*, 170 N. Y. Supp. 166.) Certainly in a criminal prosecution into which the State enters as the aggrieved party, and under this statute, the salutary purpose of which leaves no room for doubt, this artful clause cannot operate as a shield to the wrongdoer.

Though the complaint charges larceny by false pretenses, and the testimony shows that the defendant committed some other crime, he may be held to answer on the latter charge. (Code Crim. Proc. § 208; *Matter of Paul*, 94 N. Y. 497.)

For the reasons above stated, the defendant is held for the action of the grand jury.